People v Raspa (2018 NY Slip Op 08429)





People v Raspa


2018 NY Slip Op 08429


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Oing, Moulton, JJ.


7834 2394/09

[*1]The People of the State of New York, Respondent,
v
Charles Raspa, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Eunice C. Lee of counsel), and Winston & Strawn LLP, New York (Kelly A. Librera of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York (Alyson J. Gill of counsel), for respondent.



Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered May 2, 2012, convicting defendant, after a jury trial, of enterprise corruption, securities fraud (14 counts), criminal possession of stolen property in the third degree (two counts), criminal possession of stolen property in the fourth degree (five counts), grand larceny in the second degree (two counts) and grand larceny in the third degree (four counts), and sentencing him to an aggregate term of 3½ to 10½ years and $253,169 in restitution, unanimously affirmed.
The court properly permitted two of defendant's accomplices to give testimony regarding the fraudulent securities scheme in which they participated, and they did not provide expert testimony. When these witnesses interpreted documents involved in the scheme and explained certain terms, they were employing their personal knowledge of the particular scheme rather than general expertise, and they used the records to provide specific examples of the conduct they described. Given the complexity of the scheme, the jury might not have understood the significance of the information in those records without these explanations. By way of contrast, general background information was provided by actual expert witnesses.
In this case prosecuted by the Attorney General because of the District Attorney's recusal, several assistant district attorneys were properly permitted to participate in the prosecution as special assistant attorneys general. At an early stage of this prosecution, several of defendant's codefendants were represented, for a period of five days, by a firm that included Cyrus Vance. Nearly four years later, Vance became District Attorney and sought to withdraw from the case, despite having no recollection of meetings or conversations with the codefendants his former firm had represented. The Attorney General's Office was appointed, and certain New York County prosecutors who had already been working on this highly complex case were cross-designated so they could continue to participate. The Attorney General's Office instituted extensive firewall protocols to isolate the District Attorney's office from the cross-designated prosecutors. Defendant does not claim that he was prejudiced by any conflict, but only that his motion to disqualify the cross-designated prosecutors should have been granted on the ground of appearance of impropriety. However, this was not one of the "rare situations" where, even in the absence of prejudice, "the appearance of impropriety itself is a ground for disqualification" (People v Adams, 20 NY3d 608, 612 [2013]). The conflict was remote to begin with, it did not directly involve defendant himself, there was a legitimate reason for the cross-designation of the prosecutors already involved in the case, and there were suitable protective measures.
The court providently exercised its discretion in its handling of a situation involving a distraught juror. After a suitable inquiry (see People v Buford, 69 NY2d 290, 299 [1987]), the court ascertained that the juror's inability to deliberate was the result of a crisis in which he was being evicted from his apartment and faced homelessness. However, a lengthy, previously-scheduled break in the jury's deliberations was about to begin. During that break, the juror informed court personnel that he had temporarily resolved his housing issue. Shortly after [*2]deliberations resumed, the court also had a brief colloquy with the juror. The court providently concluded that no further inquiry was required, because the juror gave no indication that he was still unable to participate in deliberations.
We find that a preponderance of the evidence supports the restitution awarded by the court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK